26CV8278

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------X HARRY ALEXANDER KNIGHT, Natural Living Man, *Sui Juris*, *In Propria Persona*, Plaintiff,

v.

HOWARD LUTNICK, CANTOR FITZGERALD, L.P., TETHER HOLDINGS LIMITED, and DYNASTY TRUST A, Defendants.

**Case No.**

**FIRST AMENDED COMPLAINT FOR RICO VIOLATIONS, DECLARATORY JUDGMENT, FRAUDULENT CONVEYANCE, EQUITABLE VEIL-PIERCING, AND ASSET FORFEITURE**

-----------------------------------------------------------------------------X

RECEIVED
SDNY PRO SE OFFICE
2026 SEP 17 PM 4:40

## I. PRELIMINARY STATEMENT AND NATURE OF THE ACTION

1. **The Plaintiff**, Harry Alexander Knight, appearing explicitly as a natural, living, breathing man in his proper person (*sui juris* and *in propria persona*), brings this civil action under the Racketeer Influenced and Corrupt Organizations Act (RICO), the Sherman Antitrust Act, and federal conflict-of-interest statutes to dismantle an unlawful, premeditated, closed-loop financial enterprise.
2. This scheme was engineered to subvert federal ethics laws, capture critical monetary infrastructure, bypass sovereign tracking mechanics via un-serialized digital tokens, and weaponize public office to execute high-speed market lockouts.
3. **The Self-Funding Divestiture Fraud**: The cornerstone of this enterprise is a fraudulent "divestiture" executed by Defendant Howard Lutnick. In April 2024, Lutnick personally negotiated a **$600 million convertible bond** investment in Defendant Tether Holdings Limited ("Tether"), securing a **5% equity stake** that has since surged in paper value to **$25 billion**.
4. When Lutnick ostensibly "sold" his multi-billion-dollar equity in Cantor Fitzgerald, L.P. to **Dynasty Trust A** for the benefit of his children, the transaction was financed via a back-channel loan from **Tether** secured by a blanket lien over the trust's assets. In legal reality, Lutnick used a loan from a foreign-backed company in which he held a multi-billion-dollar hidden interest to "pay" himself for his own firm—a ghost divestiture and circular self-funding loop.

## II. PARTIES AND JURISDICTION

1. **Parties**: Plaintiff Harry Alexander Knight is a natural, living man (*sui juris*). Defendant Howard Lutnick is the former CEO of Cantor Fitzgerald and former federal official. Defendant Cantor Fitzgerald, L.P. is a Wall Street primary dealer and reserve manager. Defendant Tether Holdings Limited is an offshore stablecoin issuer. Defendant Dynasty Trust A is a family trust vehicle used as the receptacle for the fraudulent transfer.
2. **Subject Matter Jurisdiction**: This Court has jurisdiction pursuant to 18 U.S.C. § 1964 (RICO civil provisions), 28 U.S.C. § 1331 (Federal Question), and antitrust statutes (15 U.S.C. §§ 1, 2).
3. **Standing of the Natural Living Man**: Plaintiff asserts direct standing as a living citizen suffering real-world economic injury from market-distorting monopolies, un-serialized token proliferation, and public office exploitation. Venue is proper in this District under 28 U.S.C. § 1391.

## III. FACTUAL ALLEGATIONS: THE CLOSED-LOOP ENTERPRISE

#### A. The Impossibility and Premeditation of the Fraud (October 2025)

1. In October 2025, Lutnick transferred his Cantor Fitzgerald equity to Dynasty Trust A. Exactly 24 hours later, a New York UCC filing revealed that Tether extended a massive credit facility to the trust, secured by all its assets.
2. A multi-million-dollar multi-party credit facility cannot be negotiated and underwritten in 24 hours; this temporal impossibility proves the arrangement was fully pre-arranged, violating Office of Government Ethics (OGE) disclosures and constituting Wire Fraud, Perjury, and FARA violations.

**B. Sucking Up the Market: The "Lockout" Tally**

1. Because the enterprise controlled both the primary dealer "pipe" and the Tether loan "ink," Defendants physically set the floor by swallowing liquidity during high-speed market vacuums:

| Date | The "Sling" (The Bet) | The "Lockout" Proof | The Scoop (Net Profit) |
|---|---|---|---|
| **March 23** | $580 Million | 15 min Lead on Truth Social | $70 Million |
| **April 7** | $960 Million | $1B Credit Barrier Tested | $114 Million |
| **May 6** | $1.7 Billion | 70 Minute "Secret Time" | $2.3 Billion |

1. **Infrastructure Hijacking**: The enterprise leveraged its monopolistic position over sovereign debt custody and digital routing to intercept data, execute unapproved extraction fees, and freeze competitors out of a rigged house.

## IV. CAUSES OF ACTION

**COUNT I: Violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962)**

1. Plaintiff incorporates all preceding paragraphs. Defendants formed an association-in-fact enterprise to conduct a pattern of racketeering activity, including wire fraud, securities fraud, bribery, and monetary laundering through circular offshore loans.

**COUNT II: Violation of Federal Ethics, Divestiture Statutes, and Perjury (FARA and OGE Fraud)**

1. Plaintiff incorporates all preceding paragraphs. Acting as an agent for Tether while managing trade policy, coupled with certifying a false "divestiture" funded by an undisclosed Tether loan, constitutes felony wire fraud and perjury.

**COUNT III: Violation of the Sherman Antitrust Act (15 U.S.C. §§ 1, 2)**

1. Plaintiff incorporates all preceding paragraphs. The closed-loop interlock between Tether's reserves, Cantor's primary dealership, and Dynasty Trust A establishes an illegal monopoly and unreasonable restraint of trade.

**COUNT IV: Equitable Piercing of the Trust Veil (*Ultra Vires* Scheme)**

1. Plaintiff incorporates all preceding paragraphs. Dynasty Trust A was operated entirely *ultra vires* as an instrumentality of fraud and regulatory evasion, mandating the complete piercing of its veil.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Harry Alexander Knight, proceeding as a natural living man, respectfully demands judgment against the Defendants as follows:

1. **Declaratory Judgment**: Declaring that the October 2025 equity transfer and Tether credit arrangement involving Dynasty Trust A, Cantor Fitzgerald, and Tether are a fraudulent legal fiction and void *ab initio*.
2. **Piercing and Voiding the Trust Veil**: Ordering the complete piercing of the trust veil of Dynasty Trust A for regulatory evasion and RICO violations.
3. **Asset Forfeiture and Seizure**: Ordering the immediate freezing, seizure, and transfer of all equity rights, conversion shares ($600M bond / $25B stake), and accumulated fees directly to the **United States Treasury**.
4. **Injunctive Relief**: Enjoining Defendants from enforcing rights derived from the fraudulent structure, dismantling the unlawful monopoly, and halting un-serialized digital ledger flows.
5. **Damages**: Granting treble damages pursuant to civil RICO and antitrust enforcement, statutory costs, and attorney's fees.

*Respectfully submitted,*

**Harry Alexander Knight** *Natural Living Man, Sui Juris, In Propria Persona* Date: September 17, 2026